UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RANDY GORDON WYCOFF** | **CIVIL ACTION NO. 3:14-cv-0968** |
| **VS.** | **SECTION P** |
| | **JUDGE ROBERT G. JAMES** |
| **WARDEN, OUACHITA CORRECTIONS CENTER**[1] | **MAGISTRATE JUDGE KAREN L. HAYES** |

REPORT AND RECOMMENDATION

*Pro se* petitioner Randy Gordon Wycoff filed the instant petition for *habeas corpus* pursuant to 28 U.S.C. §2241 on May 9, 2014. Petitioner is a pre-trial detainee in the custody of the Ouachita Parish Sheriff; he is detained at the Ouachita Parish Corrections Center (OPCC) and is awaiting trial in the Fourth Judicial District Court on various charges.  He seeks release from custody on the grounds that he was denied bail, that he is innocent of the charges, that the District Court lacks jurisdiction, and that he is being deprived of due process.

This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the petition be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies.

---

[1] Petitioner identified the State of Louisiana as respondent, however, the proper respondent in a petition for *habeas corpus* is the petitioner's custodian, normally, the warden of the facility where the petitioner is detained or incarcerated.  *See Rumsfeld v. Padilla*, 542 U.S. 426, 447, 124 S.Ct. 2711, 159 L.Ed.2d 513 (2004) ("Whenever a § 2241 *habeas* petitioner seeks to challenge his present physical custody within the United States, he should name his warden as respondent and file the petition in the district of confinement.").

*Background*

Over the past five years, petitioner's neighbor, an employee at OPCC's commissary, has filed a series of false charges against petitioner. Eventually, a protective order was issued directing petitioner to remain at least 100 yards away from the neighbor. Petitioner claimed that he cannot abide by the order since he lives approximately 10 yards from the neighbor's residence. He also claimed that the police and not the Court issued the protective order.

On April 9, 2014, a bond hearing was convened. However, petitioner was not permitted to call any witnesses on his behalf, introduce evidence, or challenge the sufficiency of the evidence against him. Accordingly, bond was denied. Petitioner contends that he is unable to appeal this decision because it is not a final adjudication or judgment.

*Law and Analysis*

Petitioner is a pre-trial detainee challenging pending Louisiana state court criminal prosecutions. His *habeas* petition is properly construed as seeking relief pursuant to 28 U.S.C. § 2241, which applies to persons in custody awaiting trial who have not yet been convicted. *Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir.), *cert. denied*, 484 U.S. 956, 108 S.Ct. 352, 98 L.Ed.2d 378 (1987)("Section 2254 applies only to post-trial situations and affords relief to a petitioner 'in custody pursuant to the judgment of a state court.' Pretrial petitions are properly brought under §2241, 'which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'"); and *Robinson v. Wade*, 686 F.2d 298, 302-03, 303 n. 8 (5th Cir.1982) ("Robinson's petition is properly considered to arise under 28 U.S.C. §2241(c)(3), allowing the writ of *habeas corpus* to petitioners 'in custody in violation of the

Constitution,' rather than under 28 U.S.C. §2254(a), which requires that custody be 'pursuant to the judgment of a state court.'")

The requirement of exhaustion of state court remedies in a federal *habeas corpus* proceeding filed pursuant to 28 U.S.C. §2254 is well established. A petitioner seeking federal *habeas corpus* relief cannot collaterally attack his state court conviction in federal court until he has exhausted available state remedies. *Rose v. Lundy*, 455 U.S. 509, 102 S.Ct. 1198 (1982); *Minor v. Lucas,* 697 F.2d 697 (5th Cir. 1983). The exhaustion requirement originated as a judicial abstention policy developed "to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process." *Dickerson*, 816 F.2d at 225; *Picard v. Connor*, 404 U.S. 270, 275, 92 S.Ct. 509 (1971); *Shute v. Texas,* 117 F.3d 233 (5th Cir. 1997). It was written into the statute by the AEDPA.

In order to satisfy the exhaustion requirement, the petitioner must have provided all state courts that could review the matter with a fair opportunity to review all of his *habeas corpus* claims before a federal court will review those claims. *Anderson v. Harless*, 459 U.S. 4, 103 S.Ct. 277 (1982); *Picard*, 404 U.S. 270.

With regard to *habeas* petitions filed under 28 U.S.C. §2241 by pre-trial detainees, there is no express statutory requirement that the detainee exhaust state court remedies prior to asserting his claims in federal court. However, the jurisprudence requires persons seeking such relief pursuant to §2241 to first exhaust state court remedies before seeking federal intervention. *Dickerson*, 816 F.2d at 224-225; *Braden v. 30th Judicial Circuit Court of Kentucky,* 410 U.S. 484, 489-90, 93 S.Ct. 1123, 35 L.Ed.2d 443 (1973); *Robinson v. Wade*, 686 F.2d at 303, n. 8

("Although section 2241 contains no statutory requirement of exhaustion like that found in section 2254(b), exhaustion of state remedies has been held a necessary prelude to its invocation.")

Petitioner admits that he has not exhausted State court remedies; however, he suggests that such remedies are unavailable because he cannot appeal non-final judgments or orders. While that fact is generally true, it is also true that Louisiana law provides an assortment of remedies for detainees to challenge their detention and prosecution in the District Court, such as the Motion to Quash (La. C.Cr.P. arts. 531 *et seq.*), Motion to Suppress Evidence (La. C.Cr.P. art. 703), Motion for Speedy Trial (La. C.Cr.P. art. 701), and pre-trial *habeas corpus* (La. C.Cr.P. arts. 351 *et seq.*).  While he may not be able to invoke the appellate jurisdiction of the Circuit Court of Appeals or the Supreme Court, he may nevertheless invoke the supervisory jurisdiction of the appropriate court by properly and timely filing an application for writ of review.  (See La. Const., Art. V, §§5 and 10)

It is clear that petitioner has not exhausted State court remedies. He is not entitled to proceed herein until and unless he can establish either exhaustion or the complete absence of any State corrective process. His failure to seek relief in the appropriate manner in the appropriate forum does not establish either. Therefore,

**IT IS RECOMMENDED** that this *habeas corpus* petition (28 U.S.C. §2241) be **DISMISSED WITHOUT PREJUDICE** because petitioner failed to exhaust available State court remedies.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation

to file specific, written objections with the Clerk of Court.² A party may respond to another party's objections within fourteen (14) after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed in Chambers, Monroe, Louisiana, May 21, 2014.

```
_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE
```

---

² Should petitioner object to this Report and Recommendation, he should provide evidence to establish his claim that State court remedies are unavailable.